IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 AUG 28 A 10:00
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PHILIP P. CASALE, | * |
| Plaintiff | * |
| vs. | * CASE NUMBER 1:07-CV-774-WKW |
| MARTHA N. TILLMAN, | * |
| Defendant. | * |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW**, Everett M. Urech, Counsel for Plaintiff, Mr. Philip P. Casale, and files this case for declaratory and injunctive relief against the Respondent, Martha N. Tillman, and for an order retraining her from attempting to enforce a Georgia court contempt order against him in the Circuit Court of Dale County, Alabama. A copy of her Alabama complaint is attached as Exhibit A.

**I. Description of Relief Sought and Basis for Federal Jurisdiction.**

Mr. Casale seeks injunctive and declaratory relief to prevent his ex-wife's enforcement of a Georgia contempt order concerning the division of his U.S. Army military retirement pay which was awarded to her in their Georgia divorce. The case involves a federal question concerning the Uniformed Spouse Protection Act, 10 U.S.C. § 1408. The case involves the supremacy of the federal law under Article VI, Clause 2 of the United States Constitution.

Even though this is a petition seeking relief from a state family court order, an area that federal courts normally eschew under the "domestic relations exception" and principles of

"abstention" [See <u>Pompey v. Broward County</u>, 95 F.3d 1543 (11th Cir. 1996)], this court should accept jurisdiction.. Federal district courts have subject-matter jurisdiction over claims seeking relief from family-court orders which emanated under procedures that allegedly violated due process, equal protection, and other federal statutes such as §1983, the civil rights statute. <u>Agg v. Flanagan</u>, 855 F.2d 336, 339 (6th Cir. 1988). Mr. Casale contends that the over-riding federal issues raised in this individual matter enable this court to have jurisdiction to provide him federal relief despite the domestic relations exception and the abstention doctrine.

### III. Parties and Venue.

Mr. Casale resides within the jurisdiction of the court. The state court where the case is pending is within the jurisdiction of the court. Mrs. Tillman resides in Georgia, but has sought the assistance of the Alabama courts in enforcing a Georgia family court contempt order. She has retained Alabama counsel, Ms. Donna Crooks, Attorney at Law, Daleville, Alabama to represent her in the Alabama courts.

### IV. Description of Action.

Mr. Casale seeks to enjoin Ms. Tillman from filing and action in the Circuit Court of Dale County, Alabama, Case No. DR 2007-323M, to domesticate and enforce a contempt judgment entered by the Superior Court of Chatham County, Georgia, Civil Action No. X90-1987-AB. This Alabama action is still pending. The Georgia case was a divorce action between Ms. Tillman and Mr. Casale. At the time of the divorce Mr. Casale was warrant officer on active duty with the United States Army. Under the divorce decree, Ms. Tillman was awarded a portion of Mr. Casale's U.S. Army retirement pay. Upon his retirement from active duty Mr. Casale began to draw military retirement pay. Under the divorce decree 50% of his military retirement

2

pay then became was payable to Ms. Tillman. Mr. Casale retired from active duty, drew his military retirement pay, and paid his portion of the retirement to Ms. Tillman per the decree.

Subsequent to his military retirement conditions concerning Mr. Casale's military retirement pay changed. Mr. Casale was recalled to active duty in the United States Army. Upon his recall to active duty, Mr. Casale's military retirement pay stopped and he began receiving active duty pay. When Mr. Casale's military retirement pay stopped, Ms. Tillman's payments also stopped.

The Georgia divorce decree contained a clause that prohibited Mr. Casale from taking any action that would "defeat the former spouse's right to received a portion of the full disposable retired or retainer pay of the member." Ms. Tillman brought action to hold Mr. Casale in contempt of court for taking action that reduced his military retirement pay. The Georgia court held Mr. Casale in contempt of court for reducing the military retirement pay entitlement of Mr. Tillman. Ms. Tillman now seeks to enforce this contempt of court judgment against Mr. Casale in Alabama.

## V. Federal Question.

Mr. Casale contends that the Ms. Tillman's award of a contempt judgment by the Georgia court violated the Uniformed Former Spouse Protection Act, 10 U.S.C. § 1408. The Georgia court held Mr. Casale in contempt of court for diminishing his ex-wife's portion of his military retirement pay by his returning to active duty, a decision he made as a federal officer. Section 1408(c) of the Act states:

> *(C) Authority for Court To Treat Retired Pay as Property of the Member and Spouse.*

> *(1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. ...*

However, the Act also contains restrictions upon this authority that Congress has granted states courts concerning the division of military retirement pay. Section 1408(C)(3) states:

> *3) This section does not authorize any court to order a member to apply for retirement **or retire at a particular time** (emphasis added) in order to effectuate any payment under this section.*

Mr. Casale has been held in contempt of court for not retiring at a particular time, and such order is not authorized by Section 1408(C)(3). In essence, to purge himself of the contempt Mr. Casale would have had to again retire from active duty and rejoin the retirement rolls. The Georgia court action in holding Mr. Casale in contempt was in violation of federal law. Mr. Casale's action as a federal officer in returning to active duty from the retirement ranks has been held in contempt by the Georgia courts in contravention of federal statute.

Sections 688 and 12301 of Title 10, U.S. Code, and Army Regulation 601-10 govern the recall and mobilization management of retired soldiers of the Army. Federal law allows the military services to recall retired military service personnel to active duty. State court action that would hold retired military service members in contempt for being recalled to active duty would put a "chilling effect" on the ability of the United States government to provide for the common defense. This state court action would be in violation of the Supremacy clause of the United States constitution.

**VI. Conclusion.**

For these reasons this court may assume jurisdiction of this case and take action to

prevent Mrs. Tillman's attempted Alabama enforcement of the contempt order against Mr. Casale. Her action concerning any military retirement pay she alleged she was denied because Mr. Casale served on active duty via the retired recall statutes and regulations is contrary to federal law and should be restrained.

WHEREFORE Mr. Casale prays that this court issue appropriate orders to prevent Ms. Tillman from taking action to hold him in contempt of court by the state courts of Alabama or Georgia, and for other relief as applicable.

Respectfully submitted,

_____
**EVERETT M. URECH**
**AL BAR NO.: ASB-6693-E44E**
Attorney for Plaintiff
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail: daleattyeu@graceba.net

Serve by certified mail

Ms. Martha N. Tillman
7 Shad River Road
Savannah, Georgia 31410


PLAINTIFF'S EXHIBIT A

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA
DOMESTIC RELATIONS DIVISION

| | |
|---|---|
| MARTHA N. TILLMAN, | * |
| PLAINTIFF/PETITIONER, | * |
| VS. | * CASE NO. DR-2007- 323 m |
| PHILIP P. CASALE, SR., | * |
| DEFENDANT/PETITIONER. | * |

## COMPLAINT TO DOMESTICATE AND PETITION FOR CONTEMPT

COMES NOW Martha N.Tillman, your Petitioner, by and through counsel of record, Donna C. Crooks, and files this her Complaint to Domesticate and Petition for Contempt; and would show the Court as follows:

1. That heretofore on the 3rd day of January, 1991 the parties were divorced in the Superior Court of Chatham County, Georgia. A copy of which is attached hereto.

2. Paragraph number Two Final Judgment and Decree which awarded the Petitioner a portion of the Respondent's military retirement benefits which stated as follows:

    " The Member (Respondent) shall not merge the Member's Retired or Retainer Pay with any other pension, and shall not pursue any course of action that would defeat the former spouse's right to receive a portion of the full disposable retired or retainer pay of the member. The Member shall no take any action by the military retirement so as to cause a limitation in the amount of the total net monthly retirement or retainer pay in which the member is vested intrested, therefore, the member will not cause a limitation of the former spouse's monthly payments asset forth above. The member shall indemnify the former spouse for any breach of this paragraph as follows. Therefore, if the member becomes employed, which employment causes a merger of the member's retired or retainer pay, the member will pay to the former spouse directly the monthly amount provided in paragraph number 3 under the same terms and conditions as if those payments were made under paragraph number 3."

3. In 2002, the Defendant voluntarily reenlisted in the United States Army, after having been retired for a number of years. Upon his re-enlistment, the payment of military retirement due under the Final Judgment and Decree of Divorce to the Plaintiff ceased. The Plaintiff filed a Motion for Contempt Against the Defendant and On February 28, 2003, the Superior Court of Chatham County, Georgia entered an Order on Motion for Contempt against the Respondent which stated as follows:

"The Court finds that the Respondent is in arrears in child support and retirement benefit obligations to the Movant in the amount of $13,000.00. Judgment is hereby entered for the Movant in the amount of $13,000.00. Said amount represents all arrearages of child support and retirement through January 30, 2003. The Respondent agrees to repay said sum as follows: He shall pay over to the Movant on January 30, 2003, the sum of $2,000.00 which both parties acknowledge was paid by Defendant to Plaintiff on said date; he shall then pay to the Movant the sum of $200.00 on the first day of each month beginning on March 1, 2003, and continuing on the first day of each month through June 2003; beginning on July 1, 2003, then continuing each month until said sum is paid in full, he shall pay to the Movant the sum of $400.00 each month."

On or about October 6, 2003, the Plaintiff was again forced to file a Motion for Contempt against the Defendant due to his failure to pay the retirement benefits awarded to her in the parties' Final Judgment and Decree of Divorce which was scheduled to take place on November 24, 2003 and the Defendant failed to appear. The Court entered an Order on November 25, 2003 provided for the repayment of further arrears incurred by the Defendant, for attorney's fees in the amount of $500.00 and for the Defendant's immediate incarceration. A copy of this Order is attached hereto.

4. On the 25th day of November, 2003, Plaintiff recovered a Judgment against the Defendant in the Superior Court of Chatham County, State of Georgia, an authenticated copy of which is attached hereto and incorporated herein by reference.

5. The laws of the State of Georgia, provide for post-judgment interest on judgments at the rate of 12%.

6. Said judgment is valid, enforceable and unsatisfied. The Plaintiff demands judgment against the Defendant in the sum of $4,324.00, plus interest at 12% from the 25th day of November, 2003, until the date of Judgment, plus costs.

7. The Plaintiff would show this Court that the Defendant has failed and refused to pay the monthly retirement payments and the child support pursuant to Orders of Contempt entered against by the Superior Court of Chatham County. To date, the Defendant owes to the Plaintiff for the retirement benefits and child support as follows:

   a) A sum of $4,640.00 which represents retirement payments not paid by the Defendant.
   b) A sum of $13,000.00 which represents child support arrears plus interest at a rate of 12%.
   c) Attorney's fees and costs pursuant to the Order of Contempt in the amount of total arrearage in the amount of $750.00.

Further, the Defendant has failed and refused to pay the attorney's fees in the amount of $750.00 as ordered in the Order on Motion for Contempt

)                                                    )

dated November 25, 2003 which a copy of said Order is attached hereto.

8. The Plaintiff would request that this Court enter an income withholding order and Garnishment issued to Lear Siegler Services, the Defendant's current employer, for payment of the Defendant's retirement and child support payment arrears and attorney's fees.

9. Due to the Defendant's refusal and failure to pay said payments as ordered by the Superior Court of Chatham County, Georgia, the Plaintiff has incurred costs and attorney's fees in this cause and the Defendant should be ordered to reimburse the Plaintiff for said fees.

WHEREFORE, Plaintiff prays this Honorable Court will domesticate the Order issued by the Superior Court of Chatham County, George and immediately issue an income withholding order for payment of current retirement benefits and past due retirement benefits and Order the Defendant to pay the attorney's fees as Ordered by the Superior Court of Chatham County, Georgia and further order the Defendant to reimburse the Plaintiff for her attorney's fees and costs in this action and for such further relief deemed necessary circumstances considered.

Dated this the 25th day of May, 2007.

_____
DONNA C. CROOKS (CR0 056)
Attorney for Petitioner/Plaintiff
P. O. Drawer 65
Daleville, AL 36322
(334) 598-9534

FILED
DALE COUNTY, AL
MAY 2 9 2007
MARY BLUDSWORTH
CIRCUIT CLERK

Serve Defendant/Respondent by sheriff at:

2141 Andrews Avenue
Ozark, AL 36361

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000245
Cashier ID: khaynes
Transaction Date: 08/28/2007
Payer Name: URECH AND LIVAUDAIS, PC
------------------------------------
CIVIL FILING FEE
  For: URECH AND LIVAUDAIS, PC
  Case/Party: D-ALM-1-07-CV-000774-001
  Amount:         $350.00
------------------------------------
CHECK
  Check/Money Order Num: 3559
  Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

PHILIP P. CASALE V. MARTHA N.
TILLMAN
```