**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                                               TELEPHONE (334) 954-3600

September 19, 2007

# NOTICE OF CORRECTION

From:   Clerk's Office

Case Style:   Casale v. Tillman
Case Number:   1:07cv00774-WKW

**This Notice of Correction was filed in the referenced case this date to attach the correct PDF documents previously attached to include certificates of service.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 7 and # 8   filed on   September 18, 2007.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PHILIP P. CASALE, | * |
| | * |
| PLAINTIFF, | * |
| VS. | *   CASE NO: 1:07-CV-774-WKW |
| | * |
| MARTHA N. TILLMAN | * |
| | * |
| DEFENDANT. | * |

## MOTION TO DISMISS

1. Comes now the Defendant, Martha N. Tillman, by and through counsel of record, Donna C. Crooks and moves this honorable court to dismiss the instant complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) and would show the court that Plaintiff fails to state a claim on which relief can be granted. The standard for reviewing a motion for judgment on the pleadings under 12(c) is analogous to the rules pursuant to 12(b)(6). The Court must determine whether the moving party is entitled to judgment as a matter of law. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001). The Court must determine whether "the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir.1995). Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995).

2. The instant complaint is due to be dismissed based upon the theories of res judicata and collateral estoppel. Pursuant to 28 U.S.C. § 1738, the federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75,

81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir.1996).

3. The doctrine of res judicata, or claim preclusion, simply means that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or claims.See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir.2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir.2000); United States v. Alcan Aluminum, 990 F.2d 711, 718-19 (2d Cir.1993); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Berlitz Schs. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir.1980) Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); accord St. Pierre v. Dye, 208 F.3d 394, 399 (2d Cir.2000). (as cited in Bess v. Spitzer, 459 F. Supp.2d 191(E.D.N.Y. 2006)

4. Res judicata not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir.1985);see also L-Tec Elecs. Corp.v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir.1999). In other words, the doctrine precludes subsequent litigation involving any legal questions that may arise from the same transaction or occurrence. Cieszkowska, 295 F.3d at 205 (quoting L-Tec Elecs. Corp., 198 F.3d at 88). "Res judicata applies to preclude later litigation if the Court finds that "(1) the previous action

involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir.2001) (internal quotes and citation omitted); *see also Brooks,* 84 F.3d at 1463 ("In New York, `once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981)))" as cited in Bess v. Spitzer.

5. The plaintiff had a full and fair opportunity to litigate the issues involved here in the underlying state court action. The issues raised herein involve questions of law not questions of fact and the plaintiff has not established that he was prevented in any manner from presenting his case to the trial court or the appellate court in Georgia which both ruled in favor of the Defendant. The State Court determination barred relitigation of the same issues in a subsequent 1983 action in excess of three years after the appellate court judgment. The plaintiff has an open avenue for review of his constitutional claims in the pending state court action rendering abstention appropriate. Diamond "D" Constr. Corp. V. McGowan, 282 F. 3d 191, 198(2d Cir. 2002).

6. The parties were divorced on March 7, 1991 in the Superior Court of Chatham County, Eastern Judicial Circuit, State of Georgia.

7. Various contempt petitions were filed resulting in orders being issued by the same court on

March 3, 2003, November 6, 2003, and August 2, 2004. The order issued in 2004 was appealed to the Supreme Court of the State of Georgia who denied relief. Now some three years later Plaintiff wishes to litigate the same issues.

Wherefore Defendant prays that this complaint be dismissed and that attorneys fees be awarded to the Defendant. Clearly Plaintiff is merely attempting to delay collection of child support arrearages and spousal support arrearages. The trial court judgment does not deny the Plaintiff the right to re-enter military service, it merely dictates that he pay the amounts ordered for the support of the former spouse.

Respectfully submitted this the 18th day of September, 2007.

*Donna C. Crooks*
DONNA C. CROOKS
ATTORNEY FOR DEFENDANT
P.O. BOX 65
DALEVILLE, AL. 36322
donnaccrooks_lawfirm@yahoo.com
(334) 598-9534

Certificate of Service

The undersigned certifies that the foregoing instrument was served counsel for the Plaintiff as set forth below by electronic notice and/or by depositing a copy thereof in the United States Mail, postage prepaid on this the 18th day of September, 2007.

Hon. Everett M. Urech

*Donna C. Crooks*
OF COUNSEL

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PHILIP P. CASALE, | * |
| PLAINTIFF, | * |
| VS. | *   CASE NO: 1:07CV-774-WKW |
| MARTHA N. TILLMAN | * |
| DEFENDANT. | * |

<b><u>DEFENDANT'S ANSWER</u></b>

Comes now the Defendant, Martha N. Tillman, by and through counsel, Donna C. Crooks in answer to the Complaint for Declaratory and Injunctive Relief would show the court as follows:

1. Defendant restates and realleges all allegations within her "Motion to Dismiss" as though fully stated herein. Plaintiff correctly alleges that Defendant seeks to domesticate and enforce a Georgia order finding Plaintiff in contempt for failure to pay sums ordered within the divorce decree and subsequent orders. Defendant seeks to have the state court issue an income withholding order to collect those child support arrearages, spousal support arrearages, unpaid amounts of retirement awards, and attorneys fee awards from Plaintiff's current employment pay. Plaintiff is employed with Lear Seigler at Ft.Rucker, Alabama. He is in excess of $13,000 in arrears in child support and spousal support. Defendant elected to pursue an income withholding order rather than her rights to seek enforcement under Federal Criminal statutes which make failure to pay child support under these circumstances punishable by incarceration for not more than six months and payment of restitution.

2. Plaintiff also alleges that this case does not fall under the "domestic relations exception" and principles of "abstention" alleging that the family-court orders emanated under

procedures that violated due process, equal protection, and other federal statutes to include the civil rights statute.

3. Plaintiff avers that he was recalled to active duty which is false. Although plaintiff voluntarily reentered active duty military service, Defendant avers that this issue is irrelevant to the issue at hand. Plaintiff has waived his military retirement allowing it to grow and not be disbursed to either himself or his former spouse. He is currently employed by Lear Seigler Services at Ft. Rucker, Alabama. Defendant is attempting to activate an Income Withholding Order to collect those arrearages already determined and ordered by the Georgia Court.

4. Plaintiff alleges that the contempt order issued by the Georgia court violated the Uniformed Former Spouse Protection Act 10U.S.C. §1408.(hereinafter referred to as UFSPA)

## DEFENDANT'S POSITION AND DEFENSES

5. Plaintiff's claims are barred due to waiver, collateral estoppel, claim preclusion, and res judicata as stated within Defendant's Motion to Dismiss. Defendant is seeking to collect judgment amounts awarded in Georgia trial court orders constituting child support and what Plaintiff deems to be a military retirement award. Defendant contends that the intentions of the State Court were to enter judgment for child support arrearages and spousal support. The State Court judgment clearly contemplated Plaintiff reentering the service and provided a mechanism to allow for Defendant's support in that situation. The trial court judgment did not preclude Plaintiff's re-entry into military service but merely provided for the spouse's support during the term of active duty. Now the Plaintiff is employed outside the military with Lear Services. Defendant is attempting to attach his pay for collection of judgment amounts consisting of spousal support and child support arrearages as well as current support. In the current state court case, Plaintiff is attempting to attach civilian employment pay to collect arrearages of child

support, spousal support, and ongoing support. No attempt is being made to violate his constitutional right to re-enter military service nor is it being attempted to attach federal payments beyond those allowed by current law.

6. The UFSPA provides a mechanism to limit when the Federal Government will make direct payments to a former spouse and further defines "disposable retired or retainer pay only because payments under the statutory direct payment mechanism are limited to amounts defined by that term. It, however, expressly contemplates that a retiree will be liable for other payments in excess of those made under the direct payment mechanism, since the savings clause is more plausibly interpreted as serving the limited purpose of defeating any inference that the mechanism displaced state courts' authority to divide and garnish property not covered by the mechanism.

7. Because domestic relations are preeminently matters of state law, this court has consistently recognized that Congress rarely intends to displace state authority in this area. Defendant's claims against Plaintiff involve core domestic relations matters regarding disposition of marital property, child support, and alimony and as such are outside the jurisdiction of this court. Challenges to a decision made at a previous stage of litigation which could have been challenged in an appeal but were not are barred.

8. The savings clause provides that "Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by court order on the grounds that payments made out of disposable retired or retainer pay under this section have been made in the maximum amount permitted under the direct payments mechanism. Any such unsatisfied obligation of a member may be enforced by any means available under law other than the means provided under this section in any case in which the

maximum amount permitted under...[the direct payments mechanism].

9. The Defendant is not seeking to force retirement but is only seeking to collect the amount the Plaintiff was ordered to pay by the state court by attempting to attach the Plaintiff's income at his current employment, Lear Siegler Services.

10. The intentions of USFPA was to restore to the States their traditional authority in the area of domestic relations. It does not limit the authority of the States to characterize waived retirement pay as property divisible between the parties under state law. The USFPA does preclude the use of federal direct payments to attach waived retirement pay resulting from an award of disability payments.

11. Plaintiff had the opportunity to appeal the Georgia State Court judgment but failed to do so rendering this matter **res judicata depriving this court of jurisdiction. Plaintiff is merely forum shopping in an attempt to delay State Court enforcement of judgments already entered on multiple occasions.**

12. In order to enjoin the current state court action, this federal court must formally invalidate the Georgia State Court divorce judgment rendered on March 7, 1991 and enforcement judgments rendered on March 3, 2003, November 26, 2003, July 30, 2004 and August 2, 2004 as well as the Appellate court judgment dated August 24, 2004 denying any relief..

13. This court should abstain when hearing the claim would require the court to delve into the parties' domestic affairs. This case is a dispute over assets–alimony, rights to pension, property and child support. District Courts should enforce a divorce decree of a court of another state under the full faith and credit clause.

14. This matter has been litigated within the trial court on no less than five occasions and relief to the Plaintiff was denied by the appellate court.

Wherefore Defendant prays, this complaint will be dismissed so that the current state court action to enforce the Georgia orders may proceed. Defendant further prays for an award of attorneys fees and such other relief as may be fair and equitable under the circumstances.

Respectfully submitted this the 18th day of September, 2007.

*Donna C. Crooks*
DONNA C. CROOKS
ATTORNEY FOR DEFENDANT
P.O. BOX 65
DALEVILLE, AL. 36322
donnaccrooks_lawfirm@yahoo.com
(334) 598-9534

### Certificate of Service

The undersigned certifies that the foregoing instrument was served counsel for the Plaintiff as set forth below by electronic notice and/or by depositing a copy thereof in the United States Mail, postage prepaid on this the 18th day of September, 2007.

Hon. Everett M. Urech

*Donna C. Crooks*
OF COUNSEL