IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **PHILIP P. CASALE,** | * |
| Plaintiff | * |
| vs. | * CASE NO. 1:07 CV 00774-WKW-SRW |
| **MARTHA N. TILLMAN,** | * |
| Defendant. | * |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, Everett M. Urech, Counsel for Plaintiff, Mr. Philip P. Casale, and responds to the Motion to Dismiss filed by the Defendant, as follows.

This case is not about back child support or alimony. It is about federal military retirement pay. It is about a court in Georgia that has violated federal law in its handling of such military retirement pay. It is about the Defendant trying to enforce such a violation in the courts of Alabama. It is about Mr. Casale seeking relief in this court to prevent his ex-wife from perpetrating further wrongs upon him in Alabama. There is a substanial federal interest.

The Uniformed Former Spouse Protection Act (UFSPA), 10 U.S.C. § 1408 authorizes state courts to treat a soldier's military retired pay as property of the soldier and his spouse. The law was passed in response to the U.S. Supreme Court's holding in

McCarty v. McCarty, 453 U.S. 210, 69 L.Ed.2d 589, 101 S.Ct. 2728 (1981) . In McCarty, the Supreme Court ruled that the application of community property principles threatened grave harm to clear and substantial federal interests, and although the court spoke in terms of community property interests, the court's reasoning extended to equitable distribution principles of such pay.  In response to this decision, Congress passed the UFSPA.  This law allowed the state courts to treat military retirement pay as the property of the retiree or his spouse according the state law of the particular jurisdiction.  In addition to allowing division of military retirement pay, the Congress also put certain restrictions on state power and exemptions from state authority.  Specifically, Section 1408(C)(3) of the act states:

> *3) This section does not authorize any court to order a member to apply for retirement or retire at a particular time in order to effectuate any payment under this section.*

Mr. Casale, retired from the U.S. Army and began to draw military retirement pay. He then was recalled to active duty and this military retirement pay stopped.  His ex-wife brought an action to hold him in contempt for stopping her entitlement to the military retirement pay.  When his retirement pay became a nullity, her portion of his retirement pay also became a nullity.  The Georgia court then held him in contempt of court for reducing his retirement pay to a nullity.  He could have purged himself from the contempt by receiving military retirement pay again.  The only way he could have restored his receipt of military retirement pay was to retire again from active duty.  In essence, the Georgia court was ordering him to do something that the statute specifically stated was

not authorized.

Mr. Casale seeks to enjoin his ex-wife from trying to enforce such a contempt within the jurisdiction of this court. Usually, collateral attacks upon state court judgments are not allowed in the district court under the *Rooker-Feldman* doctrine. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983). Mr. Casale argues that this court has jurisdiction and authority to address the issues raised in his case, and that the *Rooker-Feldman* doctrine should not apply to this case. According to the doctrine "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in the [the United States Supreme Court]". Powell v. Powell, 80 F.3rd 464, 466 (11th Cir. 1996).

Application of the *Rooker-Feldman* doctrine deprives the district court of jurisdiction. However, this circuit has acknowledged that it is a extremely difficult to dismiss a claim for lack of jurisdiction. "The test is whether the cause of action is so patently without merit as to justify ... the court's dismissal for want of jurisdiction. Simanonok v. Simanonok, 787 F.2d 1517, 1519 (11th Cir. 1986), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 70, 98 S.Ct. 2620, 2629, 57 L.Ed.2d 595.

As noted above, this case deals with Section 1408(C)(3) of the UFSPA. The power of the state court to order a military member to retire at a certain time is specifically withheld by Congress. Mr. Casale also argues that in this area of the law

there is pre-emption and that *Rooker-Feldman* doctrine would not apply where there is this pre-emption. In other words, under McCarthy the Supreme Court noted the supremacy of the federal law that prevented state court divestiture of military retirement pay. Congress changed the law to allow such divestiture; however, Congress maintained federal supremacy in the authority to order a soldier to retire at a particular time. If a state court had such power, it could affect the federal responsibility to provide for the common defense. The *Rooker-Feldman* doctrine would not affect this and would not preclude a federal court from exerting its authority in an area that had been pre-empted from state control. Express preemption occurs when "Congress has manifested its intent to preempt state law explicitly in the language of the statute." Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004); Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 9, 107 S.Ct. 2211, 2216, 96 L.Ed.2d 1; Cipollone v. Liggett Group, Inc., 505 U.S. 504, 517, 112 S.Ct. 2608, 2618, 120 L.Ed.2d 407 (1992). A plain reading of the USFPA shows that the states are pre-empted from forcing a service member to retire.

Federal district courts have subject-matter jurisdiction over claims seeking relief from family-court orders which emanated under procedures that allegedly violated due process, equal protection, and other federal statutes such as §1983, the civil rights statute. Agg v. Flanagan, 855 F.2d 336, 339 (6th Cir. 1988). In this particular case, Mr. Casale argues that the holding of the Georgia court is so egregious that it has deprived him of his rights as a citizen and has denied him due process of law.

Also, there is a significant federal question brought up in this case, that more that affects Mr. Casale, that is the affect on the ability of the federal government to raise, equip and maintain its forces. Title 10, United States Code, Sections 688 and 12301 and U.S. Army Regulation 601-10 govern the recall and mobilization management of retired soldiers. Federal law allows the military services to recall retired military service personnel to active duty. Any state court action that would hold retired military service members in contempt for being recalled to active duty would put a "chilling effect" on the ability of the United States government to provide for the common defense. This state court action would be in violation of the Supremacy clause of the United States Constitution. United States Const. Art. VI cl. 2. If Congress intended for federal law to preempt state law, it does. If, however, Congress did not intend for federal law to preempt state law, then there is no conflict and state law is to be honored in applying the federal law. See Freightliner Corp. v. Myrick, 514 U.S. 280, 287, 115 S. Ct. 1483, 1487 (1995); Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1122 (11th Cir. 2004); Pharm. Research & Mfrs. of Am. v. Meadows, 304 F.3d 1197, 1206 (11th Cir. 2002). In this case there is a conflict with not only the specific clause of the UFSPA but also federal law allowing recall of military retirees.

For the above reasons, there is jurisdiction with this court and this case should not be dismissed.

Dated this 5th day of October 2007.

                Respectfully submitted,

s/Everett M. Urech
_____

EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Plaintiff
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail: daleattyeu@graceba.net

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Attorney Donna Crooks, Daleville, Alabama 36322.

                                                s/Everett M. Urech
                                                EVERETT M. URECH