### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA


**PHILIP P. CASALE,**                          *

     **Plaintiff**                               *

**vs.**                                        * **CASE NO.  1:07 CV 00774-WKW-SRW**

**MARTHA N. TILLMAN,**          *

     **Defendant.**                              *


### SUPPLEMENT TO PLAINTIFF'S RESPONSE
### TO DEFENDANT'S MOTION TO DISMISS


**COMES NOW**, Everett M. Urech, Counsel for Plaintiff, Mr. Philip P. Casale, and supplements his previous response to the Defendant's Motion to Dismiss.

The U.S. Supreme Court in <u>Mansell v. Mansell</u>, 490 U.S. 581,  109 S.Ct. 2023 (1989) ruled that Congress intended to pre-empt state law concerning certain areas of the Uniformed Services Former Spouses' Protection Act (USFSPA) , 10 U.S.C. § 1408.  In  <u>Mansell</u>, the California courts tried to treat Veterans Administration disability pay, which the military retiree received when he waived a like amount of his military retirement pay, as divisible community property.  The U.S. Supreme Court noted that under the USFSPA Congress had given state courts power to divide military retirement pay and to include such pay as community property or divisible martial property.  However, the Court ruled that Congress also had pre-empted certain aspects of federal military retirement pay from state law.

In particular, the Court noted that USFSPA Sections 1408(c)(2), (c)(3), and (c)(4)

1

imposed new substantive limits on state courts' power to divide military retirement pay.  It noted,

> Section 1408(c)(2) prevents a former spouse from transferring, selling, or otherwise disposing of her community interest in the military retirement pay. [fn10]  **Section 1408(c)(3) provides that a state court cannot order a military member to retire so that the former spouse can immediately begin receiving her portion of military retirement pay**. [fn11]  And § 1408(c)(4) prevents spouses from forum shopping for a State with favorable divorce laws. [fn12] Because each of these provisions pre-empts state law, the argument that the Act has no pre-emptive effect of its own must fail. [fn13]  *Id*., 490 U.S. at  594.

.

These portions of the USFSPA are pre-emptive.  This case concerns application of Section 1408(c)(3).  The Defendant is trying to get around the  Mansell decision by having the Georgia court order that Mr. Casale cannot diminish the amount of his military retirement pay by re-entering active duty.  While such an order may be valid if Mr. Casale would have diminished his military retirement pay in a non pre-empted area, such as by waiving a portion of his military retirement pay to take a civil service position, the same order is invalid in a pre-empted area, such as Section 1408(3) when Mr. Casale went from the military retired rolls back to active duty.  The Defendant tried to get around this pre-emption by saying that if Mr. Casale went back on active duty and therefore lost his military retirement pay, that he must still make payments to this ex-wife, as if he had been drawing such pay.

Such area of military retirement law is pre-empted by Congress.  A similar argument was made in Mansell that the California courts could include Major Mansell's disability retirement pay in the community property division because he had to give up military retirement pay in order to receive it.

The Mansell court noted,

Thus, the legislative history, read as a whole, indicates that Congress intended

both to create new benefits for former spouses and to place limits on state courts designed to protect military retirees. ...

We realize that reading the statute literally may inflict economic harm on many former spouses. But we decline to misread the statute in order to reach a sympathetic result when such a reading requires us to do violence to the plain language of the statute and to ignore much of the legislative history. Congress chose the language that requires us to decide as we do, and Congress is free to change it.  *Id*., 490 U.S. at  594.

The Georgia court has put forth an order against Mr. Casale in a area of law that was pre-empted by the federal government.  The Georgia court order in such a pre-empted area of law was therefore void and without effect.  For these reasons the Defendant should not be allowed to enforce such an order in the state courts of this jurisdiction.

Respectfully submitted,

s/Everett M. Urech

_____
EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Plaintiff
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail: daleattyeu@graceba.net

**CERTIFICATE OF SERVICE**


I hereby certify that on October 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Attorney Donna Crooks, Daleville, Alabama 36322.


s/Everett M. Urech
EVERETT M. URECH