IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PHILIP P. CASALE, | * |
| | * |
| PLAINTIFF, | * |
| VS. | *   CASE NO: 1:07-CV-774-WKW |
| | * |
| MARTHA N. TILLMAN | * |
| | * |
| DEFENDANT. | * |

## RESPONSE

1.  Defendant, Martha N. Tillman, by and through counsel of record, Donna C. Crooks moved this honorable court to dismiss the instant complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) and would show the court that Plaintiff fails to state a claim on which relief can be granted. The standard for reviewing a motion for judgment on the pleadings under 12(c) is analogous to the rules pursuant to 12(b)(6). The Court must determine whether the moving party is entitled to judgment as a matter of law and whether the court has subject matter jurisdiction. The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir.2001). The Court must determine whether "the moving party is entitled to judgment as a matter of law." Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers of Am., 47 F.3d 14, 16 (2d Cir.1995). Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.1995).

## RES JUDICATA AND COLLATERAL ESTOPPEL

2.  The instant complaint is due to be dismissed based upon the theories of res judicata and collateral estoppel. Pursuant to 28 U.S.C. § 1738, the federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State

in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Brooks v. Giuliani, 84 F.3d 1454, 1463 (2d Cir.1996).

3. The doctrine of res judicata, or claim preclusion, simply means that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or claims. See Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir.2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir.2000); United States v. Alcan Aluminum, 990 F.2d 711, 718-19 (2d Cir.1993); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Berlitz Schs. of Languages of Am., Inc. v. Everest House, 619 F.2d 211, 215 (2d Cir.1980) Whatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of res judicata."); accord St. Pierre v. Dye, 208 F.3d 394, 399 (2d Cir.2000). (as cited in Bess v. Spitzer, 459 F. Supp.2d 191(E.D.N.Y. 2006)

4. Res judicata not only bars parties from relitigating the same cause of action, but also "prevents litigation of a matter that could have been raised and decided in a previous suit, whether or not it was raised." Murphy v. Gallagher, 761 F.2d 878, 879 (2d Cir.1985);see also L-Tec Elecs. Corp.v. Cougar Elec. Org., Inc., 198 F.3d 85, 87-88 (2d Cir.1999). In other words, the doctrine precludes subsequent litigation involving any legal questions that may arise from the same transaction or occurrence. Cieszkowska, 295 F.3d at 205 (quoting L-Tec Elecs. Corp., 198 F.3d at 88).

"Res judicata applies to preclude later litigation if the Court finds that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir.2001) (internal quotes and citation omitted); see also Brooks, 84 F.3d at 1463 ("In New York, `once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981)))" as cited in Bess v. Spitzer.

5. The plaintiff had a full and fair opportunity to litigate the issues involved here in the underlying state court action. The issues raised herein involve questions of law not questions of fact and the plaintiff has not established that he was prevented in any manner from presenting his case to the trial court or the appellate court in Georgia which both ruled in favor of the Defendant. The State Court determination barred relitigation of the same issues in a subsequent 1983 action in excess of three years after the appellate court judgment. The plaintiff has an open avenue for review of his constitutional claims in the pending state court action rendering abstention appropriate. Diamond "D" Constr. Corp. V. McGowan, 282 F. 3d 191, 198(2d Cir. 2002).

## ROOKER-FELDMAN DOCTRINE

6. This court has no jurisdiction to hear this matter pursuant to the Rooker-Feldman doctrine.

7. To be eligible for retirement pay, members of the uniformed services must generally serve for a specified length of time, usually at least 20 years. Members may be recalled into active duty or

may elect to return to active duty. The military retirement pay may be viewed as deferred compensation for past services just like ordinary public sector employee pensions. The division of spousal property in a divorce is a question of state law and not of the laws of the United States. But application of state family law under some narrow circumstances cuts into substantial federal interests and must yield to federal law under the Supremacy clause. In the event that this case rises to that level, the United States District Court still lacks jurisdiction. The **Rooker-Feldman doctrine** deprives the district courts of subject matter jurisdiction over cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. **Adkins v. Rumsfeld, 464 F.3d 458(4th Cir. 2006).** The trial court obviously treated the military pension as deferred compensation earned during the marriage and properly divided it. A constitutional challenge to a state court judgment in cases of this type would be properly filed in the United States Supreme Court. The United States Districts Courts do not have jurisdiction. The plaintiff cites **Mansell v. Mansell,** 490 U.S. 581, 109 S. Ct. 2023(1989). This is a **SUPREME COURT** decision. **Mansell** is not on point because it discusses VA disability benefits which serve to reduce disposable military pay which is totally irrelevant to the issue at hand. Again, that case was a review by the SUPREME COURT which did have jurisdiction to consider the constitutionality of a state court judgment. This court does not. Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C.§1257. The Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate jurisdiction over final state court judgments (**Adkins v. Rumsfeld).** The Supreme Court has held that the Rooker-Feldman Doctrine is a narrow doctrine. It deprives district courts of subject mattter jurisdiction over "cases brought by state-court losers complaining of injuries

caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." **Exxon Mobil Corp. V. Saudi Basic Indus.Corp.,** 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed 2d 454(2005) as cited in **Adkins v. Rumsfeld,** 464 F. 3d 456(4th Cir. 2006).

8. A party seeking review of a state court judgment must first appeal to the highest court of the state rendering the judgment and then seek a writ of certiorari from the United States Supreme Court. The Rooker-Feldman doctrine prevents losers in state court from bypassing this appeal process by seeking review in the district court. **Willner v. Frey,** 080307 Fed4, 06-1432(United States Court of Appeals, Fourth Circuit) Plaintiff did appeal to the highest State Court who affirmed the judgment but he did not apply for a writ. The plaintiff cannot escape the Rooker-Feldman bar by asserting that the constitutional issues were not raised in state court. Rooker-Feldman applies even in that instance. If Plaintiff is challenging Defendant's actions which are the product of the state court judgments to enforce the state court judgments, then the challenge to those actions is in itself a challenge to the state court judgments themselves.

## CASE HISTORY

9. The parties were divorced on March 7, 1991 in the Superior Court of Chatham County, Eastern Judicial Circuit, State of Georgia.

10. Various contempt petitions were filed resulting in orders being issued by the same court on March 3, 2003, November 6, 2003, and August 2, 2004. The order issued in 2004 was appealed to the Supreme Court of the State of Georgia who denied relief. Now some three years later Plaintiff wishes to litigate the same issues.

Wherefore Defendant prays that this complaint be dismissed and that attorneys fees be

awarded to the Defendant. Clearly Plaintiff is merely attempting to delay collection of child support arrearages, military retirement and other monies awarded to the Defendant. The trial court judgment does not deny the Plaintiff the right to re-enter military service, it merely dictates that he pay the amounts ordered for the support of the former spouse. This matter is due to be dismissed in that this court lacks subject matter jurisdiction.

Respectfully submitted this the 23 day of October, 2007.

DONNA C. CROOKS
ATTORNEY FOR DEFENDANT
P.O. BOX 65
DALEVILLE, AL. 36322
donnaccrooks_lawfirm@yahoo.com
(334) 598-9534

Certificate of Service

The undersigned certifies that the foregoing instrument was served counsel for the Plaintiff as set forth below by electronic notice and/or by depositing a copy thereof in the United States Mail, postage prepaid on this the __24__ day of October, 2007.

Hon. Everett M. Urech

_____
OF COUNSEL